Jacob Grossky, Defendant in Error, v. John B. De-
Voney, Trading as John B. DeVoney Company,
Plaintiff in Error.

Gen. No. 17,317.

1. BROKERS—*commissions.* In an action for profits or commis-
sions on sales of realty, judgment for plaintiff *held* supported by
the evidence.

2. EVIDENCE—*statement of witness as to profits of sale of realty.*
A statement by a witness that the profits of a sale of realty are a
certain sum is not the statement of a mere conclusion.

Error to the Municipal Court of Chicago; the Hon. JOHN D. TURN-
BAUGH, Judge, presiding. Heard in the Branch Appellate Court
at the March term, 1911. Affirmed. Opinion filed April 30, 1913.

RICHARD I. GAVIN, for plaintiff in error; GAVIN &
MAYER, of counsel.

ALECK L. BERNSTEIN and SAMUEL J. SHAEFFER, for
defendant in error.

MR. PRESIDING JUSTICE DUNCAN delivered the opin-
ion of the court.

This action of the fourth class was brought in the
Municipal Court by Jacob Grossky against John B.
and Margaret DeVoney to recover his portion of the
profits or commissions on nine sales of real estate
specified in his statement of claim. On the trial the
suit was dismissed as to Margaret DeVoney, and a
verdict and judgment were rendered against John B.
DeVoney in the sum of $764.63, and he prosecutes this
writ of error.

The defendant in error proved by himself and Mil-
ton Plotke, the manager for plaintiff in error in his
real estate business, that the plaintiff in error con-
tracted and agreed with the defendant in error to pay
the latter ten per cent. of the profits on all sales of
lands by the plaintiff in error that should be listed

for him for sale by defendant in error, and fifty per cent. of all net profits on sales by plaintiff in error for which sales defendant in error should find purchasers, and that in addition to the foregoing defendant in error was to be paid by plaintiff in error one dollar per day for his expenses while performing said services. Defendant in error also testified that said Milton Plotke was to first receive ten per cent. of all the profits of such land sales and that his "net profits" were to be fifty per cent. of the remaining profits of such sales for which he furnished purchasers. The evidence of said two witnesses, portions of which were corroborated by other witnesses figuring in the sales as purchasers or sellers, shows clearly that under said contract defendant in error furnished purchasers to plaintiff in error for the following land sales mentioned in the statement of claim at profits indicated by the amounts immediately following the sales, to-wit:

| | | | | |
|---|---|---|---|---|
| F. H. Nelson property, sold to | Joe Perniciario | $600.00 |
| Nellie Bowe " " " | Wolfson & Berger | 350.00 |
| Nellie Bowe " resold " | Samuel Lieberman | 100.00 |
| Carlstead " sold " | Frank L. Delameter | 150.00 |
| Carlstead " resold " | John Promisoo | 377.00 |
| Jacob Graff " sold " | Michael Rolnick | 370.41 |
| Olson " " " | R. J. Langhenry | 150.00 |
| Weber " " " | Harry Lapp | 225.00 |
| Beckman " " " | Mr. Gutter | 200.00 |

$2522.41

The testimony of plaintiff in error clearly established by receipts signed by the defendant in error that the latter was paid by the former the total sum of $424.60. The undisputed evidence of defendant in error in rebuttal was also, in substance, that one of said receipts signed by him for $118 was given for his ten per cent. of the profits on the sale of the Wagner property (not named in his statement of claim), for listing that property for sale for plaintiff in error.

Plaintiff in error contends here that the verdict does not support the judgment, and that it is excessive on defendant in error's own theory and proof. It will be found that after deducting Plotke's ten per cent. of

all the profits above listed, and dividing the remainder of the profits in halves, and deducting from that result the whole amount of payment, less $118 received by defendant in error on the sale of the Wagner property, there will remain $828.48, which exceeds the judgment. Plaintiff in error admitted the contract practically as stated and proved by defendant in error, but instead of the word "profits," he used the word commissions, and now insists that defendant in error should only receive fifty per cent. of the commissions ordinarily charged by brokers in Chicago on such sales, or one-half of 2½ per cent. of the entire sales, except on a few of said sales about which he admits defendant in error's theory is right. Not even his own testimony supports this contention, and if it did support it, it would be overwhelmed by the other evidence in the case, both in the number of the witnesses, and by the proving force of such evidence. Much of plaintiff in error's contention in this case is based upon his statement that no profits were proved, because when a witness states that the profits of a sale are a certain sum it is the statement of a mere conclusion, and not proof or evidence of the fact. We cannot agree with this contention. Besides, the amount of the sale by DeVoney and what the property cost him was particularly proved in every case by the evidence, showing the profits above listed.

The judgment is fully supported by the weight of the evidence and it is affirmed.

*Affirmed.*